[No. 24298. Department One. March 29, 1933.]

THE STATE OF WASHINGTON, *on the Relation of C. J. Henderson, Respondent,* v. THE CITY OF MOUNT VERNON *et al., Appellants.*[1]

*R. V. Welts,* for appellants.

*Alfred McBee,* for respondent.

MITCHELL, J.—In 1931, the city of Mount Vernon commenced negotiations to acquire a privately owned water system supplying the city at that time. On June 8 of that year, it entered into a contract with the water company for the formation of a board of appraisers to make a survey, appraisal and report of the water company's property. One Kenneth Shibley was chosen by the city as its representative on that board. The board performed the work, and thereafter Shibley presented to the city a claim in the sum of two thousand dollars, as the reasonable value of his services. The claim was allowed by the city on March 30, 1932. The city clerk refused to draw a warrant for

[1]Reported in 20 P. (2d) 29.

the amount, and the mayor declared he would not sign such a warrant.

This action in mandamus was brought to compel the issuance and delivery of a warrant according to the order of the city council. There was judgment for the plaintiff, C. J. Henderson, to whom the claim had been assigned for collection. From that judgment, the city has appealed.

■ The assignment of error is that the allowance of the claim amounts to a violation of the budget law for cities. Rem. Rev. Stat., § 9000-1 *et seq.;* Chap. 158, Laws of 1923, p. 505. More specifically, the city contends that the services were rendered under a purported written contract entered into in June, 1931, at which time there were no funds available or that the city had attempted to provide for that purpose under the budget for the year 1931, prepared the fall before; and that, therefore, the contract was void, and that any attempt on the part of the city thereafter to ratify it was futile.

The written contract referred to between the city and Shibley was dated June 26, 1931, and if this case depended upon the validity of that contract, there would be merit in appellants' contention. But we do not so understand the situation, as shown by the burden of proof in the case. We are satisfied, as was the trial court, that, about the date of that contract, the parties became satisfied it could not be carried out, because not included in the city's budget the fall before, so there was an oral modification of the contract. One member of the city council testified, as seems clearly to have been the common understanding, as follows:

"Q. It was your understanding that you had then made an agreement with Mr. Shibley, an oral agree-

ment that you would place an item in the budget for the next year, is that right? A. Yes sir."

The modified plan was carried out. The city, acting under the budget law, proposed estimates and items for the fiscal year 1932, including one to cover two thousand dollars for the cost of an appraisal and report on the water system, which was considered preliminarily in detail in September, 1931. Thereafter, upon due and proper public notice of hearing held on the first Monday in October, 1931, the city duly considered and approved such item, under and according to the provisions of §§ 9000-3 to 9000-5, Rem. Rev. Stat.

The contract under which Shibley performed services was in no manner divisible. It was a stated sum for a completed job, consisting of examination, appraisal and report on the water system. He did a part of the work before the budget was officially completed, but it is clear that, at the date of the adoption of the budget, he had not completely earned any part of the total compensation he was to receive, nor did he so earn any of it until, continuing thereafter, he fully completed the survey and appraisal about December 1, 1931, and, still further, completed his written report to the city about December 15, 1931. On February 29, 1932, he presented to the city a written claim in the sum of two thousand dollars, as the reasonable value of his services. His services and report were accepted by the city, and on March 30, 1932, the city council, in regular session, entered of record its due allowance of the claim in the sum of two thousand dollars, at which date funds were available for the payment of the claim out of moneys derived by the levy according to the budget adopted in the fall of 1931, which budget, as stated, included this item.

The value of the services was established by proof; indeed, at the trial the city admitted such value, the contention being that, as a matter of law, the city was not obligated to pay anything. The transaction, in our opinion, was well within the terms and purpose of the budget law for cities.

Affirmed.

PARKER, HOLCOMB, and MILLARD, JJ., concur.

BEALS, C. J. (dissenting)—It seems to me clear, and I think it is practically conceded, that the purported written contract entered into during the month of June, 1931, between the city and Mr. Shibley was *ultra vires* the power of the city council; the current budget law making no provision therefor and no emergency existing. The claim thereafter filed by Mr. Shibley, based upon a *quantum meruit,* was for services rendered largely if not wholly during the year 1931, for which the city had no right to contract. Municipal corporations, in contracting for services or material, are held strictly within the limits of the authority vested in them by law, and, in my opinion, the allowance by the city of Mr. Shibley's claim, based upon alleged *quantum meruit,* and the inclusion in the 1932 budget of an item to pay the same, constitute an attempted evasion of the budget law, and should be held illegal and void.

Municipal corporations are sometimes held liable upon the ground of equitable estoppel, but that doctrine is sparingly applied, and should never be made the basis of a palpable evasion of the law regulating the contract responsibility of municipalities. If services can be rendered for, or material sold to, the city under some gentlemen's agreement that a claim may be later filed therefor and allowed and paid on the

basis of a *quantum meruit*, the statute may easily be circumvented, and claims which have no valid foundation in law may be paid wholly without statutory authority.

For these reasons, I dissent from the conclusion reached by the majority.